■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR MARRERO, Appellant. [844 NYS2d 864]—Judgment, Supreme Court, New York County (Rena K. Uviller, J.), rendered March 30, 2005, convicting defendant, after a jury trial, of robbery in the second degree, three counts of grand larceny in the fourth degree and two counts of criminal possession of stolen property in the fourth degree, and sentencing him, as a second felony offender, to an aggregate term of 6½ years, reversed, on the law, and the matter remanded for a new trial.

For the reasons stated in our decision on the codefendant's appeal (*People v Perez*, 37 AD3d 152 [2007]), defendant is entitled to a new trial. We have considered and rejected the People's preservation arguments. Concur—Mazzarelli, J.P., Andrias, Friedman and Malone, JJ.

McGuire, J., concurs in a separate memorandum as follows: I agree that defendant's *Batson* claim is preserved for review. As for the merits, I would uphold the trial court's finding of a *Batson* violation solely as to prospective juror Mehertu. The prosecutor was unable to recall why he had exercised a peremptory challenge to Mehertu during an earlier round of voir dire and thus did not come forward with a "race-neutral" reason for the challenge. Given the deference that is due to the trial court on the issue of whether the People's *Batson* explanations are pretextual (*People v Perez*, 37 AD3d 152 [2007]), I would not disturb the trial court's finding as to Mehertu.